In re  **Thomas M Trapp**
       **Jennifier C Trapp**                                              Case No. **3:06-bk-32675**
                            Debtor(s)

**UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON**

**Debtor(s) Name: Thomas and Jennifer Trapp    Case No.:**_____
**Above Median Income:** _____    **OR**    **Below Median Income:** _____**X**\_\_\_

**Means Test Monthly Amount (line 58) X 60 Months =**_____
**(This amount must be paid at a minimum to unsecured creditors)**

# CHAPTER 13 PLAN

X   Original Plan

"   Amended Plan

"   This plan has been altered from the original recommended Chapter 13 Plan used in Dayton, Ohio.
    (Any changes shall be printed in **BOLD** to designate the change.)

X   This plan is the recommended Chapter 13 Plan used in Dayton, Ohio.

    **Yes**      No    Debtor is eligible for discharge under §1328(f).

**You should read this Plan carefully. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, by providing for a treatment of your claim contrary to your current status, and/or by setting the interest rate on your claim. The Court may confirm this case if no objection to confirmation is filed within ten (10) days after the §341 Meeting of Creditors is concluded (L.B.R. 3015-3(a)).**

**1.  Plan Payment and Length** - The Debtor(s) shall pay to the Trustee all projected disposable income in the amount of **$ 160.00**   each month for approximately   **60**   months, but not to exceed 5 years.
Unless the allowed unsecured claims are paid 100%, the total plan payments shall not be less than the sum of 36 months in a Below Median Income case (or 60 months in an Above Median Income case) of confirmed monthly plan payments which are available for payment of administrative expenses and claims exclusive of the Trustee disbursed payments on continuing real estate mortgages; and, the plan will not terminate in any event earlier than the payment of  **4 %**   to each allowed pre-petition unsecured claim.

 This provision does not prohibit the debtor from pre-paying the plan before 36 or 60 months of plan payments.

**2.  Effective Date of Plan and Modification of Plan** - The effective date of the plan shall be the date of the confirmation of a plan.

**3.  Filing of Proof of Claim, Allowance and Payment of Claims** - Administrative expenses- Independent appraisals of real estate, as requested by the debtor herein, shall be paid as an administrative expense pursuant to 11 U.S.C. §503 upon the timely filing of a proof of claim.

**4.  Pre-Confirmation Adequate Protection Payments and Lease Payments** – The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an Order of the Court.  The Debtor proposing pre-confirmation payments will immediately commence plan payments to the Trustee at the §341 Meeting of Creditors by cashiers check, money order or certified check.  Creditors must file a proof of claim to receive payment.  Payments will be reserved by the Trustee until confirmation and paid at time of confirmation to these creditors.

If the Chapter 13 case is dismissed, converted prior to confirmation, or the Chapter 13 case is not confirmed by the 90th day after the filing of the petition, the Trustee shall pay the reserved payments to the creditors as listed below. The Trustee is entitled to receive his fees on these payments. Any creditor objecting to such treatment must file an objection prior to the scheduled Meeting of Creditors.

| Name and Address of Creditor | Property Description | Interest Rate | Monthly Payment Amount |
|---|---|---|---|
| | | Item 8 Unless Otherwise Specified | |

**Note: Adequate Protection Payments should match the monthly payments in Class 1 for ease of administration and calculation.**

**5. Classification of Claims and Sequence of Payments** - Subject to Item 4., all non-mortgage Class 1 payments should be calculated for payment beginning with the month of confirmation, if the Class 1 claim has been filed, otherwise from the month of the filing of the claim. Claims shall be classified and paid when allowed, except as otherwise herein provided or otherwise ordered by the Court, as follows:

<u>**Class 1:**</u> Scheduled claims for which the plan designates specific monthly payments –

**A. Domestic Support Obligations:**
   **(1) Designate Priority Claims under §507(a)(1)(B)**
      (a) _____X_____ None.
      (b) Trustee disburse _____ Debtor disburse _____
      (c) The names, addresses and phone number of the holder of ANY domestic support obligation as defined in Section 101(14A): (including child support, spousal support,           debts ordered paid per separation agreement or divorce decree.)

| Name | Address, City, State and Zip Code | Telephone Number | State of the Child Support Enforcement Agency Which Has Jurisdiction | Monthly Payment Amount |
|---|---|---|---|---|
| | | | | $ |

   **(d) The debtor is required to pay all post-petition domestic support obligations <u>directly</u> to the holder of the claim and <u>not</u> through the Chapter 13 Trustee.**

   **(2) Arrearages owed to Domestic Support Obligation holders or governmental units           under Section 507(a)(1)(A) and (B):**
      (a) _____X_____None.
      (b) Trustee disburse _____ Debtor disburse _____
      (c) Name of holder of Domestic Support Obligation Arrearage Claim or assigned to or owed to a governmental unit and estimated arrears:

| Name of Creditor | Estimated Arrearage Claim | State of the Child Support Enforcement Agency Which Has Jurisdiction | Monthly Payment Amount |
|---|---|---|---|
| | | | |

   **B. Regular mortgage payments secured by real estate** should be calculated for payment after confirmation starting from the month following the month of the filing of the petition.

**(1) Post-petition changes in real estate mortgage payments** - If the Trustee is to disburse mortgage payments on real estate, the holder of the mortgage shall file an amended proof of claim for any changes in the required periodic mortgage payments during the life of the plan; and the plan will be deemed to thereby have been modified and the Trustee will disburse the mortgage payments according to the amended proof of claim.

C. **Executory Contracts/Leases**

**None.**
(1) The Debtor rejects the following executory contract:

| Name of Creditor | Property subject to executory contract |
|---|---|
|  |  |

(2) The debtor assumes the executory contract/lease referenced below and provides for the regular contract/lease payment. **The assumption of the executory contract/lease is only as to the regular monthly payments and not the option to purchase which must be exercised pursuant to the Local Bankruptcy Rules and by separate pleading. The Trustee is authorized to only disburse the regular monthly payments and arrearage amount and not the option to purchase amount.**

Chapter 13 Trustee Disburse

Debtor disburse
[See L.B.R. 3015-1(c)].
Any pre-petition arrearage will be cured in monthly payments prior to the expiration of the lease as noted below:

| Name of Creditor | Property subject to executory contract/leases | Estimated arrearages on contract a of date of filing | Monthly payment to be made on contract arrearage | Regular number of contract payments remaining as of date of filing | Amount of regular contract payment |
|---|---|---|---|---|---|
|  |  | $ | $ |  | $ |

D.  **Claims to Which Section 506 Valuation is NOT Applicable: C**laims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing;

_____(1) The lien holder is to be paid in full with interest and in equal monthly payments as specified below;

| Creditor | Collateral | Purchase Date | Claim Amount | Interest Rate | Monthly Payment Including Interest |
|---|---|---|---|---|---|
|  |  |  |  | Item 8 Unless Otherwise Specified |  |

**OR**

_____(2)   The collateral as described below is to be surrendered to the lien holder with the following treatment:

| Creditor | Property Description | Special Treatment |
|---|---|---|
|  |  |  |

**OR**

_____(3)  The creditor agrees to accept the value of the vehicle or personal property as if Section 506 applies and the property is valued secured at and the balance is unsecured.

The secured portion is to be paid in full with interest as provided below and in equal monthly payments as specified below. **If the lien holder objects to this treatment, the lien holder must file an Objection to Confirmation within ten (10) days of the Meeting of Creditors pursuant to Local Bankruptcy Rules;**

| Creditor | Collateral | Secured Valuation (Replacement Value) | Interest Rate | Monthly Payment Including Interest |
|---|---|---|---|---|
|  |  |  | Item 8 Unless Otherwise Specified |  |

**E. Claims to Which Section 506 Valuation is Applicable:   Claims listed in this subsection    consist of any claims secured by personal property not described in the above plan paragraph:**

| Creditor | Collateral | Purchase Date | Replacement Value | Interest Rate | Monthly Payment Amount |
|---|---|---|---|---|---|
|  |  |  |  | Item 8 Unless Otherwise Specified |  |

**OR**

_____(1)  The collateral as described below is to be surrendered to the lien holder with the following treatment:

| Creditor | Property Description | Special Treatment |
|---|---|---|
|  |  |  |

**NOTE:**  If sufficient funds are not available to make a full monthly payment on all the Class 1 claims, the available funds should be distributed to the Class 1 creditors on a pro rata basis based on the unpaid specific monthly payments due through that month's distribution.

**F. Administrative Claims such as Attorney's Fees to be paid equal to and pro rata with all other per monthly payments listed in Class 1 (B), (C), (D) and (E) claims.  To be paid in monthly amount as set forth below:**

Attorney Fees Requested to be paid by Trustee pursuant to the Application for Fees and Allowed by the Court. To be paid pursuant to Local Bankruptcy Rule or as funds are available.

| Amount Fee Requested | Fee Due in Plan | Monthly Amount (over at least 12 months) |
|---|---|---|

| $3,000.00 | $ 3,000.00 | $ 150.00 |
|---|---|---|

**Class 2:**   Secured claims listed on Schedule D for which the plan does not provide specific monthly payments; and, any scheduled claim designated for inclusion in this class. This class will include mortgage arrearages, additional post-petition attorney fees, Certificates of Judgment and secured real estate taxes.  The listing of mortgage arrearage is an estimate only and will be paid pursuant to the filed Proof of Claim subject to the claims objection process. **Paid only after Class 1 claims are paid current.**

**Class 3:** Priority Claims listed on Schedule E for inclusion in this class.  Paid only after Class 2 claims are paid in full.

Section 1322(a) of the Bankruptcy Code provides that all claims entitled to priority under Section 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment
of such claim except for a priority claim under Section 507(a)(1)(B).  It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claims and not entitled to priority.

**Class 4:**  Reserved

**Class 5:** All other pre-petition claims, including unsecured claims not otherwise part of another class, the under secured portion of secured claims and the non-priority tax claims as set forth in Item 18.
Distributions on the claims in this Class 5 shall be –

   (A) Paid after Classes 2 and 3 are paid in full and after Class 1 claims are paid current.

**Class 6:**  Post-petition claims will be paid at the Trustee's discretion depending on availability of funds and length of plan.

**Class 7:** Scheduled claims which are to be paid by a non-debtor and are not to be paid by the Trustee or the Debtor.

   **Class 8:**  Scheduled claims which are not to be paid by the Trustee or the Debtor.

   **Class 9:** Scheduled claims on which the payments are to be disbursed by the Debtor.

**6.    Secured Claims (Valuation of Collateral, Interest Rates, Lien Retention and Release, and Surrender of Property)** –

        (A) With respect to each allowed secured claim, unless the holder of the claim has accepted a different treatment of  the claim, or the Debtor proposes to surrender the property securing the claim to such    holder**, the holder of each allowed secured claim shall retain the lien securing such claim until the secured and unsecured claim is paid**, and shall be paid an amount that is not less than the     allowed amount of such claim, plus interest at the rate hereinafter set forth on the unpaid balance of the     allowed secured claim.

        (B) The allowed amount of a secured claim shall be the lesser of the value of the property securing the claim or the amount of the allowed claim as of the date of the filing of the petition. The value of    personal property securing the claim shall be the value as scheduled by the debtor, unless otherwise    ordered.

   **7.    Unsecured Claims** - Unsecured claims shall be paid in a manner that provides the same treatment for each claim within a particular class.

    **8.    Interest** –

        (A) The interest rate to be paid on allowed Class 2 secured claims, including prepetition real estate mortgage arrearages, shall be based on the national prime rate plus the appropriate risk factor of **1.5%**       from the

date nearest to the approximate date of confirmation of the plan. The rate will be determined as shown in the *Wall Street Journal* for Money Rates.  The actual amount of interest paid will be calculated by the Trustee in the Trustee's reasonable and customary administration procedures.

    (B)  Except as provided by subparagraph (D), interest shall not commence on any claim until the later of the allowance of the claim or the effective date of the plan.

    (C)  No interest shall be paid on any unsecured claim unless specifically provided for by the plan.

    (D)  No interest shall be paid on any pre-petition mortgage arrearage as part of the cure of the default if the mortgage was entered into after October 22, 1994.

**9.   Vesting of Property in Debtor** - All property of the estate shall not vest back to the Debtor after confirmation, but shall remain property of the estate until the case is dismissed, discharged or converted.

**10. Sale of Real Estate** – Upon the filing of the appropriate motion and pursuant to Local Bankruptcy Rules, any scheduled real estate may be sold during the life of the plan if there would be sufficient proceeds to pay in full all mortgages and liens encumbering the property. Any sale shall be subject to approval of the Court, and will be free and clear of liens with the liens of any mortgagees and lien creditors attaching to the proceeds of sale. Mortgages and liens shall be canceled of record upon payment of the mortgages and liens. If the real estate sold is the Debtor's residence a portion of the sale proceeds may be paid to the Debtor for relocation expenses.

**11. Real Estate Taxes** - Allowed real estate tax claims to be disbursed by the Trustee will be only those real estate taxes due and payable, without penalty, as of the date of the filing of the petition. Real estate taxes payable after the date of the filing of the petition will be disbursed by the Debtor.

**12.      Designation and Payment of Special Classified Class of Unsecured Claim** –

    **(A)Below Median Income Case -** If any unsecured consumer debt (i.e., cosigned debt, student loan) is proposed to be paid in whole including contract rate of interest, or in part after the completion of payment of all other unsecured claims, such payment shall not commence until  after the payment of the confirmed percent of the general unsecured claims or the completion of 36 months of plan payments, whichever is greater.  This debt is to be set forth in Item 18.

    **(B)Above Median Income Case -** If any unsecured consumer debt (i.e., cosigned debt, student loan) is proposed to be paid in whole including contract rate of interest, or in part after the completion of payment of all other unsecured claims, such payments shall not commence until after the means test payment to the general unsecured creditors. This debt is to be set forth in Item 18.

**13. Trustee Discretion on Distributions** - The Trustee is authorized within his discretion to calculate the amount and timing of distributions as is administratively efficient.

**14.      Personal injury claims, workers compensation claims, social security claims and miscellaneous claims of the Debtor** - The Debtor shall keep the Trustee informed as to any change in status of any claim for personal injury, workers compensation, social security or any other claim to which Debtor may be entitled. Before the claim can be settled and distributed, the Debtor must comply with all      requirements for filing applications and motions for settlement with the Court as required by the Bankruptcy Code and Local Rules. These funds shall be treated as additional plan payments or as the Court so otherwise orders. The Debtor's case will not complete until the claim has been settled and shall remain open for administration purposes until the claim has been paid into the plan or the Court so otherwise orders.

**15.      Casualty Loss Insurance Proceeds (Substitution of Collateral)** - If a motor vehicle is substantially damaged while there is still an unpaid secured claim which is secured by the vehicle, the Debtor shall have the option, upon the filing of the appropriate motion, of using the proceeds of any insurance payable due to loss of the vehicle to either repair the vehicle, pay off the balance of the secured claim if the secured creditor is a named loss payee on the

policy, or to substitute collateral by purchasing a replacement vehicle. If a replacement vehicle is purchased the vehicle will have a value not less than the balance of the unpaid secured claim and the lien of the creditor will be transferred to the replacement vehicle and the Trustee will continue to pay the allowed secured claim.

**16. Utility Deposits** – The plan provides adequate assurance of payment pursuant to 11 U.S.C. §366. Any utility requiring a security deposit shall forward written notice of the security deposit to the Debtor's counsel. The security deposit demand shall comply with PUCO requirements. The security deposit demand shall be paid as an administrative expense by the Chapter 13 Trustee, through the plan after confirmation and upon the filing of a proof of claim for a security deposit demand by the utility. No utility shall discontinue service to Debtors after filing of the petition for failure of the Debtors to pay a security deposit.

**17. Tax Returns and Refunds –** If Debtors are required to submit their Internal Revenue Service tax returns, debtors shall submit the returns to the Trustee by April 30th of each required year or notify the Trustee of any extension. Said refunds shall first be used to satisfy the secured and priority claims of the I.R.S. and then as additional plan payments for the benefit of the unsecured creditors. Any Motions to Use Tax Proceeds shall be filed timely and prior to the Trustee's Motion to Dismiss for Failure by the Debtors to Turnover the Tax Returns or Refunds. Said motion shall be considered a modification to the confirmed plan and served accordingly.

**18.** **Special Plan Provisions:**

**GMAC - 2004 Toyota Camry - Class 7 - to be paid by wife's mother.**



**19.** **Debtor(s) Proposed Method of Plan Payment –** The Debtors acknowledge they have been informed that the Local Bankruptcy Rules require payments to be **MADE BY WAGE DEDUCTION** unless otherwise authorized by the Trustee or ordered by the Court.  The Debtors acknowledge they are required to pay the first plan payment **at the time of the Meeting of Creditors by Certified Check, Cashier's Check or Money Order** and to continue to pay the proposed plan payments until otherwise ordered by the Court or notified in writing by the Trustee.

____X_____ If the Debtor is employed and has sufficient wages, the wage deduction will commence upon Court order. **It is understood by the Debtor that for any pay period when the plan payments are not deducted from the Debtors' wages that the Debtors shall pay the payment to the Trustee at his lockbox by Certified Check, Cashier's Check, or Money Order.**

$_160.00_ or _100 % of the plan payment is to be deducted from the male Debtor's wages.

$_         _ or _     % of the plan payment is to be deducted from the female's Debtor's wages.

_____ If the Debtor does not have wages sufficient for a wage deduction order, the Debtors propose the plan payments be made other than by wage deduction. The Debtors understand that this proposal may require a personal appearance before the Court for the Debtors to show cause why a wage deduction is not appropriate or available and that the proposed method of plan payment is justified.

**20.    PLAN FOR REAL ESTATE**  (Use separate schedule for each parcel of real estate)

**NOTE:   If the intent of the Debtor is to file an adversary proceeding to cram down a wholly unsecured junior mortgage, said adversary proceeding should be filed within thirty (30) days of confirmation and an objection to the Proof of Claim must also be filed to prevent the Trustee from paying on the claim.**

### PARCEL NO. _

**Description and Location of Property:**     2564 Acorn Drive, Dayton OH   45419

Trustee Arrange for Appraisal  _X_  Yes _  No  (If you arrange for your own appraisal, it must be filed before the Meeting of Creditors.)
Telephone number of debtor _(937) 643-3426
Personal Residence  _X__ Yes  ____ No      Original Purchase Price  _$ _____

Lien Holder #1         Chase Mortgage

Monthly Payment                                           $    517.00

Months in Default                                              ____ 0

Total Arrearage (including month petition filed)*       $    0

Year of Financing  _ 2001

PLAN: Mortgage payments to be disbursed by _    Trustee  _X_  Debtor

If Trustee disburses, then arrearage shall be paid as a class 2 creditor.

**Other Remarks:**
_____

Lien Holder #2       Chase Mortgage

Monthly Payment                                            $___174.00

Months in Default                                              _____ 0

Total Arrearage (including month petition filed)*        $_    0

Year of Financing _____

PLAN: Mortgage payments to be disbursed by __ Trustee  __X__ Debtor
If Trustee disburses, then arrearage shall be paid as a class 2 creditor.

* Estimate only-the filed Proof of Claim, subject to objections, shall determine the actual arrearage.
 **Other Remarks**

Signature (s) of debtors(s) (Individual/Joint)
I declare under penalty of perjury that the information provided in this plan is true and correct.

X /s/ *Thomas M. Trapp*                               X  /s/ *Jennifer C. Ttrapp*
Date: