**JPMorganChase**

### CERTIFICATE

I, Euisun Lisa Lee, an Assistant Corporate Secretary of JPMorgan Chase Bank, National Association, a national banking association organized under the laws of the United States of America, do hereby certify that (i) attached is a true and correct copy of a letter from the Comptroller of the Currency to Joseph R. Bielawa, dated November 4, 2004, concerning the applications by JPMorgan Chase Bank to convert to a national charter and subsequently merge with Bank One N.A., Chicago, IL and Bank One, N.A., Columbus, Ohio, and (ii) attached is a true and correct copy of a certificate from the Comptroller of the Currency certifying that JPMorgan Chase Bank, National Association has complied with all the provisions of the statutes of the United States and is authorized to commence the business of banking as a National Banking Association as of November 13, 2004.

IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of JPMorgan Chase Bank, National Association this 1st day of March, 2005.

_____
Euisun Lisa Lee



Comptroller of the Currency
Administrator of National Banks

Large Bank Licensing, MS 7-13
250 E Street, S.W.
Washington, DC 20219

November 4, 2004

OCC Control Nr. 2004-ML-02-0006

Mr. Joseph R. Bielawa
Assistant General Counsel
Legal Department
J.P. Morgan Chase & Company
270 Park Avenue, Floor 39
New York, New York 10017

Dear Mr. Bielawa:

This letter is the official certification of the Office of the Comptroller of the Currency for the merger of Bank One, National Association, Chicago, Illinois, Charter Nr. 8, and Bank One, National Association, Columbus, Ohio, Charter Nr. 7621, into and under the charter and title of JPMorgan Chase Bank, National Association, New York, New York, Charter Nr. 24542, effective November 13, 2004

The resulting bank, JPMorgan Chase Bank, National Association, New York, New York, Charter Nr. 24542, has elected to retain the main office site of Bank One, National Association, Columbus, Ohio, Charter Nr. 7621, as the main office of the resulting bank. Accordingly, this letter also serves as the official authorization for JPMorgan Chase Bank, National Association, Columbus, Ohio, Charter Nr. 24542, to operate the other head offices of the above listed merging banks as branches of the resulting bank at the following sites:

| | | |
|---|---|---|
| Popular Name | : | Chicago Main Branch |
| Certificate Nr. | : | 123936A |
| Address | : | 1 Bank One Plaza |
| | | Chicago, Illinois 60670 |
| Popular Name | : | New York Main Branch |
| Certificate Nr. | : | 123937A |
| Address | : | 270 Park Avenue |
| | | New York, New York 10017 |

Merger Certificate
JPMorgan Chase Bank, National Association, New York, New York
Bank One, National Association, Chicago, Illinois
Bank One, National Association, Columbus, Ohio
2006-ML-02-0006
Page 2 of 2

Branch authorizations previously granted to the merging banks automatically convey to the resulting bank and will not be reissued. Please furnish a copy of this certificate to personnel responsible for branch administration.

The OCC also authorizes the resulting bank, should the merger occur between Call Report dates, to recalculate its legal lending limit. The new lending limit should be calculated by using data from the last Call Report of the individual banks filed prior to consummating the merger, as adjusted for the combination. The resulting bank will then file a new Call Report and begin calculating its legal lending limit according to 12 C.F.R. 32.4(a) at the end of the quarter following consummation of the merger.

Sincerely,

Richard T. Erb
Licensing Manager

# Comptroller of the Currency

**TREASURY DEPARTMENT**

**OF THE UNITED STATES**

Washington, D. C.

Whereas, satisfactory evidence has been presented to the Comptroller of the Currency that JPMorgan Chase Bank located in New York, State of New York, has complied with all provisions of the statutes of the United States required to be complied with before being authorized to commence the business of banking as a National Banking Association.

Now therefore, I hereby certify that the above-named association is authorized to commence the business of banking as a National Banking Association under the title JPMorgan Chase Bank, National Association, effective November 13, 2004.

In testimony whereof, witness my signature and seal of office this thirteenth day of November, 2004.

Charter No. 8

Julie L. Williams
Acting Comptroller of the Currency

## Agreement To Merge

### among

### Bank One, National Association
### Chicago, Illinois

### and

### Bank One, National Association
### Columbus, Ohio

### with

### JPMorgan Chase Bank
### New York, New York

### under the title of

### JPMorgan Chase Bank, National Association

WHEREAS, the Boards of Directors of Bank One, National Association, Chicago, Illinois ("Bank One Chicago"), Bank One, National Association, Columbus, Ohio ("Bank One Ohio") and JPMorgan Chase Bank, New York, New York ("JPMCB") have approved, and deem it advisable and in the best interests of their respective stockholder to consummate the business combination provided for herein in which Bank One Chicago and Bank One Ohio would merge with and into JPMCB (the "Merger");

WHEREAS, the Boards of Directors of Bank One Chicago, Bank One Ohio and JPMCB have each determined that the Merger contemplated hereby are consistent with, and in furtherance of, their respective business strategies and goals;

WHEREAS, this Agreement dated as of July 16, 2004, among Bank One Chicago, a banking association organized under the laws of the United States, being located in Chicago, county of Cook, in the state of Illinois, with a capital of $17,949 million, divided into 10,042,910 shares of common stock, each of $20.00, surplus of $9,164 million, and undivided profits, including capital reserves and other comprehensive income, of $8,585 million, as of March 31, 2004, and Bank One Ohio, a banking association organized under the laws of the United States, being located in Columbus, county of Franklin, in the state of Ohio, with a capital of $3,234 million, divided into 12,704,415 shares of common stock, each of $10, surplus of $1,537 million, and undivided profits, including capital reserves and other comprehensive income, of $1,520 million, as of March 31, 2004, and JPMCB, a banking corporation

OCT 10 2005 17:58 FR FINAL CERTS   3185391690 TO 919044707800   P.07

organized under the laws of the state of New York, being located in New York, county of New York, in the state of New York, with a capital of $38,168 million. Divided into 148,761,243 shares of common stock, each of $12, per share surplus, of $16,318 million, and undivided profits, including capital reserves and other comprehensive income, of $20,065 million, as of March 31, 2004, each acting pursuant to a resolution of its board of directors, adopted by the vote of a majority of its directors, pursuant to the authority given by and in accordance with the provisions of the Act of November 7, 1918, as amended (12 USC 215a), witnessed as follows:

### Section 1.

After the conversion of JPMCB to a national banking association, Bank One Chicago and Bank One Ohio shall be merged with and into JPMCB (the "Merger").

### Section 2.

The name of the receiving association (hereinafter referred to as the "association" or the "Surviving Bank") shall be JPMorgan Chase Bank, National Association

### Section 3.

The business of the association shall be that of a national banking association and shall include the exercise of fiduciary powers. This business shall be conducted by the association at its main office to be located in Columbus, Ohio, and at its legally established branches.

### Section 4.

The amount of capital stock of the association shall be $ 59,351 million, divided into 148,761,243 shares of common stock, each of $ 12 par value, and at the time the merger shall become effective, the association shall have a surplus of $ 27,092 million, and undivided profits, including capital reserves, which when combined with the capital and surplus will be equal to the combined capital structures of the merging banks as stated in the preamble of this agreement, adjusted however, for normal earnings and expenses (and if applicable, purchase accounting adjustments) between March 31, 2004, and the effective time of the Merger.

### Section 5.

At the Effective Date, the separate existence of Bank One Chicago and Bank One Ohio shall cease and the corporate existence of JPMCB, as the Surviving Bank, shall continue unaffected and unimpaired by the Merger; and the Surviving Bank shall be deemed to be the same business and corporate entity as each of Bank One

392619                                        2

OCT 10 2006 17:56 FR FINAL CERTS 3152291690 TO 919044707800 P.09

Chicago and Bank One Ohio. At the Effective Date, by virtue of the Merger and without any further act, deed, conveyance or other transfer, all of the property, rights, powers and franchises of Bank One Chicago and Bank One Ohio shall vest in JPMCB as the Surviving Bank, and the Surviving Bank shall be subject to and be deemed to have assumed all of the debts, liabilities, obligations and duties of Bank One Chicago and Bank One Ohio, and to have succeeded to all of the relationships, fiduciary or otherwise, of Bank One Chicago and Bank One Ohio as fully and to the same extent as if such property, rights, powers, franchises, debts, liabilities, obligations, duties and relationships had been originally acquired, incurred or entered into by the Surviving Bank; provided, however, that the Surviving Bank shall not, through the Merger, acquire power to engage in any business or to exercise any right, privilege or franchise which is not conferred on the Surviving Bank by Law.

The Surviving Bank, upon consummation of the Merger and without any order or other action on the part of any court or otherwise, shall hold and enjoy all rights of property, franchises and interests, including appointments, designations and nominations, and all other rights and interests as agent, trustee, executor, administrator, registrar of stocks and bonds, guardian of estates, conservator, assignee, receiver and committee of estates of incompetents, bailee or depositary of personal property, and in every other fiduciary and/or custodial capacity, in the same manner and to the same extent as such rights, franchises and interests were held or enjoyed by Bank One Chicago and Bank One Ohio immediately prior to the Effective Date.

### Section 6

At the Effective Date, all of the shares of Bank One Chicago and Bank One Ohio validly issued and outstanding immediately prior to the Effective Date, shall, by virtue of the Merger and without any action on the part of the holder thereof, be canceled and cease to be of any further force and effect.

At and after the Effective Date, certificates evidencing shares of Bank One Chicago and Bank One Ohio shall thereafter not evidence any interest in the Surviving Bank.

The stock transfer books of Bank One Chicago and Bank One Ohio shall be closed as of the Effective Date and, thereafter, no transfer of any shares of Bank One Chicago and Bank One Ohio shall be recorded therein.

392819  3

### Section 7.

The following named persons shall serve as the board of directors of the association to serve until the next annual meeting of its shareholders or until such time as their successors have been elected and qualified:

David A. Coulter
Dina Dublon
Charles W. Scharf

James Dimon
William B. Harrison, Jr.
Don M. Wilson III

### Section 8.

The officers of Bank One Chicago and Bank One Ohio in office immediately prior to the Effective Date shall become officers of the Surviving Bank and shall hold their respective offices from the Effective Date until their respective successors are elected and qualified in accordance with law and the By-Laws of the Surviving Bank.

### Section 9.

Effective as of the time this Merger shall become effective as specified in the Merger approval to be issued by the Comptroller of the Currency, the Articles of Association of the Surviving Bank shall read in their entirety as set forth in Exhibit A attached hereto.

### Section 10.

Subject to the terms and conditions of this Agreement, Bank One Chicago, Bank One Ohio, and JPMCB shall, in anticipation of the Merger, use their best efforts to cooperate and take, or cause to be taken, all actions and to do, or cause to be done, all things necessary or desirable to be ready to consummate the merger and to ensure a seamless transition for their customers.

### Section 11

This Agreement may be terminated by the unilateral action of the board of directors of any participant prior to the approval of the stockholders of the participant or by the mutual consent of the board of all participants after any shareholder group has taken affirmative action. Since time is of the essence to this Agreement, if for any reason the transaction shall not have been consummated by December 31, 2005, this Agreement shall terminate automatically as of that date unless extended, in writing, prior to this date by mutual action of the boards of directors of the participants.

4

**Section 12.**

This Agreement may be executed in any number of counterparts, each of which shall constitute an original, but all of which taken together shall constitute one and the same instrument.

This Agreement shall be ratified and confirmed by the affirmative vote of shareholders of each of the merging banks owning at least two-thirds of its capital stock outstanding, at a meeting to be held on the call of the directors; and the merger shall become effective at the time specified in a merger approval to be issued by the Comptroller of the Currency of the United States.

**Section 13.**

This Agreement may be modified, amended or supplemented only by a written instrument signed by each party hereto, which written instrument may, however, be executed in multiple counterparts in the same manner, and with the same effect, as this Agreement.

**Section 14.**

This Agreement constitutes the full understandings of the parties, a complete allocation of risks between them and a complete and exclusive statement of the terms and conditions of their agreement relating to the subject matter hereof and supersedes any and all prior agreements, whether written or oral, that may exist between the parties with respect thereto. Except as otherwise specifically provided herein, no conditions, usage of trade, course of dealing and performance, understanding or agreement purporting to modify, vary, explain or supplement the terms and conditions of this Agreement shall be binding unless hereafter or contemporaneously herewith made in writing and signed by the party to be bound, and no modification shall be effected by the acknowledgement or acceptance of documents containing terms and conditions at variance with or in addition to those set forth in this Agreement.

IN WITNESS, WHEREOF, the parties have executed this Agreement, or caused this Agreement to be executed by their duly authorized officers, as of the date first above written.

JPMorgan Chase Bank

By: _____
William B. Harrison, Jr.
Chairman of the Board
Chief Executive Officer

Attest:

_____
Anthony J. Horan
Corporate Secretary

Bank One, National Association
Chicago, Illinois

By: _____
James Dimon
Chairman of the Board
Chief Executive Officer
President

Attest:

_____
Anthony J. Horan
Senior Vice President

Bank One, National Association
Columbus, Ohio

By: _____
Charles W. Scharf
Executive Vice President

Attest:

_____
Anthony J. Horan
Senior Vice President

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

On this 16th day of July 2004, before me personally came William B. Harrison, Jr., James Dimon, Charles W. Scharf and Anthony J. Horan, known to me to be the individuals described in and who executed the foregoing instrument and they duly acknowledged and verified to me that the execution thereof was their act and deed.

_____
Notary Public

EUI SUN LISA LEE
Notary Public, State of New York
No. 01LE5061515
Qualified in New York County
Commission Expires Nov. 6, 20__

39479:v1 Notary language